Devin A. McRae, SBN 223239
*dmcrae@earlysullivan.com*
Peter Scott, SBN 247786
*pscott@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Plaintiff
WILLIAM CRABTREE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRABTREE,<br><br>     Plaintiff,<br><br>  v.<br><br>ROBERT KIRKMAN, an individual; ROBERT KIRKMAN, LLC, a Kentucky limited liability company, and DOES 1-10, inclusive.<br><br>     Defendants. | Case No.: 2:22-cv-00180-MEMF (AFMx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Sched. Conf. Date:  June 30. 2022<br>Time:                         10:00 a.m.<br>Courtroom:              8B<br><br>Filed:         January 9, 2022<br>Trial Date:  None set |

Plaintiff William Crabtree ("Plaintiff") and Defendants Robert Kirkman ("Kirkman") and Robert Kirkman, LLC ("Kirkman LLC," jointly with Kirkman, "Defendants") conducted the early meeting of counsel as required under F.R.C.P. Rules 16(b) and 26(f) on June 8, 2022. Devin A. McRae and Peter D. Scott of Early Sullivan Wright Gizer & McRae LLP appeared on behalf of Plaintiff. Allen Grodsky and Tim Henderson of Grodsky, Olecki & Puritsky LLP appeared on behalf of Defendants. The parties jointly report to the Court as follows:

A. **STATEMENT OF THE CASE**

    A. **Plaintiff's Statement Of The Case**

Plaintiff is an artist and colorist who was a co-author of the comic series *Invincible* (the "Work"), jointly with Kirkman and artist Cory Walker. As such, Plaintiff has a copyright ownership interest. In recognition of Plaintiff's co-authorship and co-ownership of the Work, Kirkman and Plaintiff orally agreed that Plaintiff was to receive 20% of single issue sales of the Work with a minimum of $40 per page and 10% of any revenues generated from other film or television commercial exploitation of the Work together with any derivative projects based on the Work and any allied or ancillary rights in the Work.

In July 2005, based on a series of false promises, false representations and material omissions, Defendants convinced Plaintiff to enter into a written "Certificate of Authorship" which post-hoc purported to classify Plaintiff's contributions to the Work as "works made for hire." Defendant Kirkman expressly represented to Plaintiff that this Certificate of Authorship would not change Plaintiff's agreed upon rights and participation in the Work (including, but not limited to, co-ownership of the copyrights in the Work and any renewals and extensions thereof, and the right to receive contingent compensation generated from the exploitation of the Work and any derivative and ancillary rights in connection therewith), but that Hollywood studios and executives did not want to deal with multiple creators and that this Certificate of Authorship would make the Work far more commercially exploitable

for both Plaintiff and Defendant.  Consistent with his representations to Plaintiff, after the execution of the Certificate of Authorship, Kirkman continued to pay proceeds to Plaintiff per his ownership interest in the Work.

However, after the Work was greenlit for an episodic television series by Amazon Prime, Kirkman repudiated Plaintiff's ownership rights in the Work, claiming that the Certificate of Authorship divested Plaintiff of all of his copyright ownership interests and that Plaintiff was not entitled to any monetary proceeds generated from the Work.  Kirkman stated that his historical payments of proceeds to Plaintiff pursuant to their agreement were simply "bonuses" that he paid at his discretion.

Plaintiff filed his complaint on January 9, 2022, asserting claims for declaratory relief, promissory fraud, breach of oral contract, common counts (money had and received) and accounting.  The nature and relief sought by virtue of each of the claims for relief is as follows:

**First Claim for Relief for Declaratory Relief:**  Plaintiff's First Claim for Relief for Declaratory Relief seeks a judicial declaration that Plaintiff is a joint author of the Work under 17 U.S.C. § 101 and 201(a), and is entitled to all rights and benefits of the attendant, undivided copyright interests, of the Work *Invincible*.

**Second Claim for Relief for Promissory Fraud:**  Plaintiff's Second Claim for Relief for Promissory Fraud alleges that Defendants fraudulently induced Plaintiff to enter into the Certificate of Authorship, which caused harm to Plaintiff in the form of, among other things, not receiving the proper royalties owed to him pursuant to the agreement of the parties.  Plaintiff also seeks punitive damages with respect to this claim for relief.

**Third Claim for Relief for Declaratory Relief:**  Plaintiff's Third Claim for Relief for Declaratory Relief seeks a judicial declaration that the Certificate of Authorship is void *ab initio* and of no force or effect as having been procured through fraud.  In the alternative, and to the extent the Court determines that the Certificate

of Authorship is a valid and enforceable agreement, Plaintiff seeks a judicial declaration with respect to the interpretation of the document and specifically that the Certificate of Authorship applies solely to Plaintiff's ownership rights in a motion picture derived from the Work and for no other purpose.

**Fourth Claim for Relief for Beach of Oral Contract:** Plaintiff's Fourth Claim for Relief for Breach of Oral Contract alleges that Plaintiff and Kirkman/Kirkman LLC had an oral agreement that Plaintiff was to receive 20% of single issue sales of the Work with a minimum of $40 per page and 10% of any revenues generated from other film or television commercial exploitation of the Work together with any derivative projects based on the Work and any allied or ancillary rights in the Work. Plaintiff alleges that Defendants breached these contractual obligations by, among other things, failing to pay all monies owed to Plaintiff in accordance with these terms.

**Fifth Claim for Relief for Money Had and Received:** Plaintiff's Fifth Claim for Relief for Money Had and Received alleges that Defendants are indebted to Plaintiff for monies had and received by Defendants and that such amounts have not been paid.

**Sixth Claim for Relief for Accounting:** Plaintiff's Sixth Claim for Relief for Accounting seeks an accounting with respect to the revenues generated from Defendants' commercial exploitation of the Work in order to determine the amounts owed to Plaintiff by virtue of Plaintiff's co-ownership of the Work and the parties' arrangement for Plaintiff to receive contingent compensation based thereon.

Based on these allegations and claims for relief, Plaintiff seeks declaratory relief from the Court, compensatory damages according to proof and punitive damages.

### B. Defendants' Statement Of The Case

Defendant Robert Kirkman is a comic book author and a television and film producer. Robert Kirkman, LLC is Kirkman's loan-out company. Kirkman and artist Cory Walker co-created the comic book and graphic novel series *Invincible*, which was first published in January 2003. Among other things, Kirkman and Walker provided the plot, characters, dialogue, themes, sequence of events and the drawings in the Work. Indeed, the first page of the first issue of the comic book identifies Kirkman as "co-creator, writer, letterer," and Walker as "cocreator, artist," of *Invincible*, and includes the following copyright notice "© Robert Kirkman and Cory Walker, 2003."

Crabtree was not a co-author or co-creator of *Invincible*. Crabtree was a colorist on some issues of *Invincible*, and was the third person to work as the colorist on the project. He is identified as the "colorist," not as a cocreator, on the title page of the first issue. Consistent with Crabtree's role as a colorist, in 2005, Crabtree signed a Certificate of Authorship for *Invincible*, confirming that any of his contributions were a work for hire.

Kirkman denies making the alleged false statements to Crabtree and never stated that Crabtree had any ownership interest in *Invincible*. Kirkman has paid Crabtree all he is owed for his colorist services.

Kirkman and Robert Kirkman, LLC's defenses include that Crabtree did not make a copyrightable contribution to *Invincible*, was never intended to be a coauthor of *Invincible*, did not control or direct any copyrightable expression in connection with *Invincible*, and signed a work-for-hire agreement. Additionally, Crabtree's claims are barred by the applicable statutes of limitations, including 17 U.S.C. § 507(b), and laches.

### B. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction over Plaintiff's First Claim for Relief for Declaratory Relief pursuant to 28 U.S.C. § 1338(a), which seeks a judicial

declaration concerning Plaintiff's copyright ownership in the Work *Invincible* pursuant to 17 U.S.C. § 101, et seq.

The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Second through Sixth Claims for Relief, which are related to and which arise out of the same common nucleus of operative fact as Plaintiff's First Claim for Relief for Declaratory Relief as to which the Court has original jurisdiction.

**C.     LEGAL ISSUES**

The following key legal issues are to be decided in this case:

1.      Whether Plaintiff is a joint author of the Work *Invincible* under 17 U.S.C. § 201(a).

2.      Whether Plaintiff made a copyrightable contribution to *Invincible*.

3.      Whether the Certificate of Authorship rendered any copyrightable contribution Plaintiff did make a work for hire.

4.      Whether the Certificate of Authorship is a valid agreement.

5.      Whether, if valid and enforceable, the Certificate of Authorship applies solely and exclusively to Plaintiff's alleged ownership rights in a motion picture derived from the Work and for no other purpose.

6.      Whether Plaintiff and Defendants had an oral agreement that Plaintiff was to receive 20% of single issue sales of the Work with a minimum of $40 per page and 10% of any revenues generated from other film or television commercial exploitation of the Work together with any derivative projects based on the Work and any allied or ancillary rights in the Work and whether Defendants breached that oral agreement.

7.      Whether and to what extent Defendants have received monies that are owed to Plaintiff in connection with his alleged rights to and in the Work.

8.      Whether Plaintiff is entitled to an accounting with respect to revenues generated from Defendants' commercial exploitation of the Work and with respect to what amounts, if any, are owed to Plaintiff from these revenues.

9. Whether Plaintiff's claims are barred by applicable statutes of limitations, including 17 U.S.C. § 507(b).

10. Whether Plaintiff's claims are barred by the doctrine of laches.

11. Whether Plaintiff is entitled to compensatory damages as a result of the allegations in this matter.

12. Whether Plaintiff is entitled to punitive damages as a result of the allegations in this matter.

### D. **DAMAGES**

Without prejudice to recoup all appropriate damages, Plaintiff seeks both declaratory and monetary relief. With respect to the declaratory relief sought, Plaintiff seeks (1) a judicial declaration pursuant to 28 U.S.C. § 2201, *et seq.* declaring that Plaintiff is a joint author of the Work and holds an undivided ownership interest in the entire work for each respective title, including all contributions contained therein and (2) a judicial declaration that the Certificate of Authorship is void *ab initio* and of no force or effect or, in the alternative, that it applies solely to Plaintiff's ownership rights in a motion picture derived from the Work and for no other purpose.

With respect to the monetary relief sought, Plaintiff lacks sufficient information at this time to calculate an amount sought. Plaintiff seeks an accounting in this action to calculate the damages that will ultimately be sought. However, the form of monetary damages will be comprised of the proceeds owed from Defendants' exploitation of the Work that have not been paid to Plaintiff pursuant to his copyright ownership interest in the Work. Plaintiff also seeks punitive damages in connection with his Second Claim for Relief for Fraud.

Defendants do not seek damages but reserve their rights to seek attorneys' fees and costs incurred in this case, and for any further relief the Court deems just and proper.

E. **PARTIES AND EVIDENCE**

    1. **Parties**

- Plaintiff William Crabtree
- Defendants Kirkman LLC and Kirkman
- At present, Plaintiff does not anticipate the addition of any other parties.

    2. **Percipient Witnesses**

- Plaintiff
- Defendant Kirkman
- Corporate Representative of Defendant Kirkman LLC
- Cory Walker
- Kirkman's attorney, manager and/or agent at the time of Kirkman's solicitation of Plaintiff's signature on the Certificate of Authorship;
- Other artists and creators that worked with Kirkman and who executed similar certificates of authorship at or around the time that the Certificate of Authorship at issue in this matter was signed.
- Financial or other professionals with sufficient knowledge to testify to the monies generated from the exploitation of the Work

    3. **Key Documents**

- Certificate of Authorship
- Communications between Kirkman and Plaintiff
- Communications between Plaintiff and third parties regarding his alleged joint authorship and co-ownership of *Invincible*
- Copies of *Invincible* comic books and graphic novels, including any copies in Plaintiff's possession, custody or control
- Financial documentation concerning monies generated through exploitation of the Work.

F. **INSURANCE**

There is insurance coverage on a D&O policy for Mr. Kirkman under a reservation of rights. A copy of that policy will be provided to counsel for Plaintiff as part of the initial disclosures. The insurer to whom Defendants have tendered coverage for Robert Kirkman, LLC has denied coverage.

G. **MANUAL FOR COMPLEX LITIGATION**

The parties agree that this matter is not complex.

H. **MOTIONS**

At present, and apart from any potential discovery related and/or pre-trial evidentiary motions, the parties do not anticipate filing any non-dispositive motions at this time.

I. **DISPOSITIVE MOTIONS**

The parties anticipate filing motions for summary judgment and/or partial summary judgment.

J. **STATUS OF DISCOVERY**

Plaintiff and Defendants have both commenced written discovery immediately following the Rule 26(f) early meeting of counsel.

K. **DISCOVERY PLAN**

    1. **Initial Disclosures**

The parties have agreed to exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on or before June 22, 2022.

    2. **Changes In Discovery Limitations**

        a. **Written Discovery**

The parties do not presently seek any changes to the Federal Rules of Civil Procedure or Local Rules governing written discovery. The parties do not believe that discovery should be conducted in phases.

b. **Depositions**

Plaintiff anticipates deposing Kirkman as well as the personal most knowledgeable on behalf of Kirkman LLC. Plaintiff also anticipates deposing additional third party witnesses, including without limitation co-creator of the Work Cory Walker, Kirkman's attorney, manager and/or agent at the time of Kirkman's solicitation of Plaintiff's signature on the Certificate of Authorship, as well as other artists and creators that worked with Kirkman and who executed similar certificates of authorship at or around the time (and based on the same or similar representations Kirkman made to Plaintiff) that the Certificate of Authorship at issue in this matter was signed. Plaintiff will also require a deposition of the financial or other professional with sufficient knowledge to testify to the monies generated from the exploitation of the Work.

Defendants anticipate deposing Plaintiff and others to be identified by Plaintiff in written discovery, as having knowledge of Plaintiff's claimed joint authorship and co-ownership of *Invincible*.

c. **Subjects on Which Discovery is Needed**

Without limitation to its rights to seek discovery on any relevant issues, Plaintiff anticipates that he will require discovery into, among other things, the facts and circumstances surrounding the original creation and authorship of the Work, Defendants' creation of and solicitation of Plaintiff's signature on the Certificate of Authorship, the status of any negotiations with respect to the exploitation of the Work at the time the Certificate of Authorship was executed, any instances of commercial exploitation of the Work, the monies generated from any exploitation of the Work, and any financial arrangement between Defendants and Cory Walker with respect to the Work, among other things.

Without limiting their rights to seek discovery, Defendants anticipate needing discovery on Plaintiff's claimed creative contributions to *Invincible*, the negotiations, terms, and performance of Plaintiff's supposed oral agreement on

*Invincible*, Plaintiff's communications regarding his supposed joint authorship and co-ownership of *Invincible*, Plaintiff's possession of copies of *Invincible* comic books and graphic novels, payments made to Plaintiff for *Invincible*, the Certificate of Authorship and Plaintiff's understanding of and communications about the Certificate of Authorship, Plaintiff's knowledge that Kirkman did not consider him to be a joint author or co-owner of *Invincible*, among other things.

### d. Electronically Stored Information

The parties agree on electronic document production and to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. Electronically stored information will be produced in PDF format, and in native format for certain, large-scale documents to facilitate use by the parties. The Parties will meet and confer regarding the scope and logistics of document production. The Parties agree that this paragraph is not intended to alter the scope of discovery in this case.

### e. Claims Of Privilege Or Protection

The parties will meet and confer on a proposed a stipulated protective order governing confidential and proprietary materials that will also address the inadvertent production of privileged or otherwise protected materials.

### L. EXPERT DISCOVERY

Plaintiff proposes an expert discovery cut-off date of February 17, 2023.

Defendants propose an expert discovery cut-off date of April 12, 2023.

### M. SETTLEMENT CONFERENCE / ADR

No settlement discussions have taken place. The Parties are willing to mediate this dispute through the services of a private mediator.

### N. TRIAL ESTIMATE

The Parties have requested a jury trial and agree that trial is expected to take no more than four days.

**O.  TRIAL COUNSEL**

| | |
|---|---|
| Devin A. McRae | Allen Grodsky |
| Peter D. Scott | Tim B. Henderson |
| EARLY SULLIVAN WRIGHT GIZER & McRAE LLP | GRODSKY, OLECKI & PURITSKY LLP |
| 6420 Wilshire Blvd., 17th Fl. | 11111 Santa Monica Blvd., Ste 1070 |
| Los Angeles, CA 90048 | Los Angeles, CA 90025 |
| *Trial Counsel for Plaintiff William Crabtree* | *Trial Counsel for Defendants Robert Kirkman and Robert Kirkman, LLC* |

**P.  MAGISTRATE JUDGE**

The parties do not consent to proceed before a magistrate judge for purposes of trial of this action.

**Q.  INDEPENDENT EXPERT OR MASTER**

The parties do not believe this is a case in which the Court should consider appointing a Master pursuant to Rule 53.

**R.  SCHEDULE WORKSHEET**

The completed Scheduling Conference Worksheet is appended hereto.

**S.  CLASS ACTION**

This action is not a class action.

**T.  OTHER ISSUES**

The Parties are unaware of any other unusual issues presented in this case that require addressal at the Scheduling Conference.

//
//
//

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| Dated:  June 15, 2022 | | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
| | | By: */s/ Devin A. McRae* |
| | | Devin A. McRae |
| | | Peter D. Scott |
| | | Attorneys for Plaintiff |
| | | WILLIAM CRABTREE |
| Dated:  June 15, 2022 | | GRODSKY, OLECKI & PURITSKY LLP |
| | | By: */s/ Allen B. Grodsky* |
| | | Allen B. Grodsky |
| | | Tim B. Henderson |
| | | Attorneys for Defendants |
| | | ROBERT KIRKMAN and |
| | | ROBERT KIRKMAN, LLC |