Devin A. McRae, SBN 223239
 *dmcrae@earlysullivan.com*
Peter Scott, SBN 247786
 *pscott@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Plaintiff
WILLIAM CRABTREE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRABTREE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT KIRKMAN, an individual; ROBERT KIRKMAN, LLC, a Kentucky limited liability company, and DOES 1-10, inclusive.<br><br>　　　　Defendants. | Case No. 2:22-cv-00180-MEMF (AFMx)<br><br>**PLAINTIFF WILLIAM CRABTREE'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4; DECLARATION OF PETER D. SCOTT**<br><br>Date:　　January 31, 2024<br>Time:　　9:00 a.m.<br>Ctrm:　　8B<br><br>Action Filed:　January 9, 2022<br>FPTC:　　　　January 31, 2024<br>Trial Date:　　February 20, 2024 |

## I.    INTRODUCTION

Defendants Robert Kirkman and Robert Kirkman, LLC's ("Defendants") Motion in Limine No. 4 seeks to exclude testimony of Tony Moore and Tony Moore's state law complaint against Defendants. While Plaintiff William Crabtree ("Plaintiff" or "Crabtree") does not intend to call Mr. Moore as a witness (save for any potential impeachment matters should they arise), the 2012 Complaint by Mr. Moore is directly relevant to **numerous** in this case and must be seen by the jury.

First, Kirkman's primary defenses in this action are that Crabtree's claims are barred, in part, by the relevant statutes of limitation and doctrines of waiver and laches. The primary evidence that Kirkman relies upon for these defenses is an March 2012 email chain between Kirkman and Crabtree where the *Moore v. Kirkman* lawsuit is explicitly referenced:

<u>Kirkman</u>:    […] You signed a work for hire contract on Invincible. I've honored that contract. […]

<u>Crabtree</u>:    [T]his is the same work for hire contract tony [Moore] is suing you over at the momen[t], correct?

(Scott Decl. Ex. 4 [March 2012 Email Chain.]) Indeed, the text of this very exchange is included as an ***admitted fact*** in the parties' Joint Pretrial Conference Order. Kirkman claims that this exchange triggers the running of the statute of limitations on Crabtree's breach of contract claims. Clearly, the jury must be entitled to see the *Moore v. Kirkman* lawsuit that is being discussed in this exchange in order to assess Kirkman's defense and Crabtree's response thereto. Kirkman cannot have it both ways – relying on the reference to *Moore v. Kirkman* lawsuit when it suits him, but preventing the jury from seeing what the actual allegations in that lawsuit were. Kirkman himself put the *Moore v. Kirkman* lawsuit in issue in this case.

Second, the *Moore v. Kirkman* Complaint and allegations contained therein are relevant and admissible under Federal Rules of Evidence 404 and 608 to establish

Kirkman's motive, intent, knowledge and modus operandi vis a vis collaborating artists and adherence to his payment obligations to them. Jones, Cal. Practice Guide Fed. Civ. Trials & Ev. (The Rutter Group 2024) 8B-B ("Evidence of lawsuits filed by others against defendant may be admissible as 'background evidence' relevant to show defendant's knowledge, motive, intent.") Additionally, the allegations and claims in the *Moore v. Kirkman* lawsuit are relevant to Kirkman's character for untruthfulness and credibility as a witness, which is of central importance in this lawsuit where the terms of the parties' agreement will be established, in part, by the competing testimony of Crabtree and Kirkman. In particular, Kirkman testified under oath in this proceeding that he has, without fail, paid all artists he has worked with in full. (Scott Decl. Ex. 2 [Kirkman DT 74:16-24].) This is demonstrably untrue based on the *Moore v. Kirman* lawsuit.

II. **ARGUMENT**

    A. **The 2012 Moore Complaint is Directly at Issue in the Email Communications Upon Which Kirkman Bases his Statute of Limitations, Waiver and Laches Affirmative Defenses**

Kirkman's primary defense in this action is that a large portion of Crabtree's claimed breaches of contract are time barred under the applicable statutes of limitation or the doctrines of waiver and laches. Kirkman defense rests almost entirely on an March 2012 email chain between Kirkman and Crabtree that Kirkman claims should have alerted Crabtree to the fact that Kirkman was breaching their contract and was not paying Crabtree what he was owed.[1] Specifically, that March 2012 email chain contains the following exchange:

---

[1] From Crabtree's standpoint, the Court has already addressed this issue in its Order on Kirkman's Summary Judgment (Dkt. #36) and has rejected Kirkman's argument. Crabtree's further and more detailed arguments as to the invalidity of Kirkman's statute of limitations and related defenses are set forth in Crabtree's Opposition to Kirkman's Motion in Limine No. 3.



<u>Kirkman</u>: The digital issue reprints are no different than the TPBs . . . You didn't get 'your share' of the MTV motion comics.  I gave you a bonus because it was an adaptation directly using your work. You signed a work for hire contract on Invincible. I've honored that contract.  […]

<u>Crabtree</u>: [T]his is the same work for hire contract tony [Moore] is suing you over at the momen[t], correct?

(Scott Decl. Ex. 4 [March 2012 Email Exchange].)  Indeed, the exact text of this exchange is an ***admitted fact*** in the parties' Joint Pretrial Conference Order.  (Joint Pretrial Conference Order, Admitted Fact Nos. 23 and 24).  Clearly, the substance of the lawsuit by Mr. Moore against Mr. Kirkman and claims made therein is directly relevant to the jury's consideration of this email exchange and the impact it may or may not have on Kirkman's statute of limitations, laches and waiver defenses.  Kirkman ***himself*** has put the Moore v. Kirkman lawsuit at issue by his reliance on this March 2012 email exchange.  Clearly, under Rule of Evidence 401, the substance of the lawsuit and claims made therein is relevant and "has [a] tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action."

### B. The Moore Complaint is Admissible Under Federal Rule of Evidence 404 as Evidence of Modus Operandi, Motive, Intent and Character for Untruthfulness

Federal Rule of Evidence 404 allows the introduction of other crimes, wrongs, or acts for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  "Evidence of lawsuits filed by others against defendant may be admissible as 'background evidence' relevant to show defendant's knowledge, motive, intent." Jones, Cal. Practice Guide Fed. Civ. Trials & Ev. (The Rutter

Group 2024) 8B-B (citing *Phillip v. ANR Freight Systems, Inc.*, 945 F. 2d 1054, 1056 (8th Cir. 1991) (prior age discrimination lawsuits filed against defendant admissible and "such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive"); *Johnstone v. Wabick*, 220 F.Supp.2d 899, 903-904 (2002) (evidence of settlement or payment of prior suits admissible to establish defendant's motive to transfer assets). Additionally, such prior acts are likewise admissible to impeach the credibility of a witness under Federal Rule of Evidence 608, which allows a witness's credibility to be attacked "by testimony about the witness's reputation for having a character for truthfulness or untruthfulness," or by specific instances of conduct if "probative of the character for truthfulness or untruthfulness of … the witness." Fed. R. Evid. 404(a)(3), 608. Proof of false statements are relevant when credibility is at issue. *U.S. v. Penaflor*, 91 F.3d 157 (9th Cir. 1996). Further, "[e]vidence of prior frauds is considered probative of the witness's character for truthfulness or untruthfulness." *U.S. v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992).[2]

The Moore v. Kirkman Complaint and the allegations and claims made therein reflect Kirkman's modus operandi, knowledge and intent with respect to Crabtree. Specifically, the allegations in the Moore Complaint detail Kirkman (1) fraudulently convincing an artist collaborator to sign over his rights in the joint work to Kirkman on the promise that it will assist with closing "Hollywood" deals to both parties' benefit, (2) agreeing to pay the artist certain amounts in connection with the work and then (3) hiding monies that due to the artist under the agreement and refusing to pay as agreed. (Scott Decl. Ex. 3 [Moore Complaint].) This is ***exactly*** what Kirkman is

---

[2] *Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990) ("The reason for allowing cross-examination under Rule 608(b) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth. Acts involving fraud or deceit clearly raise such doubt…")

alleged in this action to have done to Crabtree – i.e. coming to an agreement with Crabtree, getting him to sign the Certificate of Authorship, hiding revenues from Crabtree, then later claiming that there is no agreement. (Scott Decl. Ex. 1 [L. Rosenbaum Email].)  Further and relatedly, in response to Kirkman's statute of limitations defense, Crabtree intends to argue that the limitations period was tolled under the delayed discovery rule and equitable tolling doctrine as a result of Kirkman's deceptive practice of hiding revenues received on Invincible that were owed to Crabtree, and which Crabtree only discovered through formal discovery in this very litigation.  The Moore Complaint is background evidence of Kirkman's knowledge, motive and intent as to Crabtree and is admissible under Rule of Evidence 404(b)(2).

Additionally, allegations of fraud and deceit made by former artist collaborators against Kirkman are admissible under Rules of Evidence 404(a)(3) and 608 as evidence of Kirkman's credibility and character for untruthfulness. Kirkman's credibility is particularly important in this case because proving the terms of the parties' oral agreement will rely in great part on the competing testimony of Crabtree and Kirkman.  Lawsuits against Kirkman for fraud and breach of contract (that are strikingly similar to the facts at issue here) should be seen and considered by the jury is assessing Kirkman's credibility.  Further, Kirkman testified under oath in this case as follows:

> Q. But from time to time you have asked artists to do work and not paid them, right?
>
> A. No.
>
> Q. Never?
>
> A. No.
>
> Q. So every time you have asked an artist to do work, you have paid them what you promised?
>
> A. Any time the work was for pay, I have paid them.

(Scott Decl. Ex. 2 [Kirkman DT 74:16-24].) Crabtree contends that this is untruthful testimony and is subject to impeachment with the *Moore v. Kirkman* complaint.

### C. The Moore Complaint Is Not Inadmissible Hearsay as it is not Offered for the Truth of the Matter Asserted

Kirkman argues that the Moore Complaint is inadmissible hearsay under Federal Rule of Evidence 801. Kirkman is wrong. First, it is being offered to show both Kirkman and Crabtree's state of mind in the March 2012 email exchange, which is an enumerated exception to the rule against hearsay. Fed. R. Evid. 803(3). Further, the Moore Complaint is not even hearsay as it is not being offered for the truth of the allegations contained therein. In addition to showing Kirkman and Crabtree's state of mind, it is offered for the fact that it was filed in and of itself, which is of independent relevance beyond the truth of any matters asserted therein.

### D. The Evidence is not Unfairly Prejudicial Under Federal Rule of Evidence 403

Kirkman argues that evidence regarding his earlier fraudulent conduct involving Moore is "highly prejudicial" and would lead to a "case within a case" which could confuse the jury. First, the standard is whether the evidence will be *unfairly* prejudicial not *highly* prejudicial. There is nothing unfair about introducing evidence concerning prior lawsuits against Kirkman's – particularly where Kirkman himself put the lawsuit at issue. Further, there is no risk of "confusion" to the jury by virtue of this evidence and Kirkman will have the opportunity to offer his explanation and response to this evidence. The probative value of the evidence is extremely high and Kirkman has not established any issues which would "substantially outweigh" this probative value as required under Rule 403.

| | | |
|---|---|---|
| Dated: January 17, 2024 | | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |

By: */s/ Peter D. Scott*
    Devin A. McRae
    Peter D. Scott
    Attorneys for Plaintiff
    WILLIAM CRABTREE



# DECLARATION OF PETER D. SCOTT

I, Peter D. Scott, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and the United States District Court for the Central District of California. I am a partner in the law firm of Early Sullivan Wright Gizer & McRae LLP, counsel of record for Plaintiff William Crabtree herein. I have personal knowledge of the facts set forth herein and if called as a witness could testify competently thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of an email chain dated between November 5, 2021 and November 30, 2021 between David Chidekel, Devin McRae, Sean Mackiewicz and Lee Rosenbaum, which was marked as Exhibit 28 at the Deposition of Robert Kirkman in this lawsuit and which is identified as a trial exhibit in this matter.

3. Attached hereto as **Exhibit 2** is a true and correct copy of relevant portions of the deposition transcript of Defendant Robert Kirkman taken on March 9, 2023, in this matter.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Complaint in the action *Moore v. Kirkman, et al.*, Los Angeles Superior Court Case No. BC478730, filed on February 9, 2012, and which has been marked as Trial Exhibit 233.

5. Attached hereto as **Exhibit 4** is a true and correct copy of an email chain dated between March 16 and 17, 2012, between William Crabtree and Robert Kirkman Bates labeled RK1906 and marked as Trial Exhibit 314.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Los Angeles, California.

Dated: January 17, 2024

                                                          PETER D. SCOTT

